**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS,** | ) ) ) ) | |
| | ) | |
| **Plaintiff,** | ) ) | |
| | ) | **Case No. 24-cv-01975 (APM)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

**I.     INTRODUCTION**

Plaintiff The American Society for the Prevention of Cruelty to Animals ("ASPCA") filed this action asserting 42 individual FOIA violations and one policy or practice claim against Defendants United States Department of Agriculture ("USDA") and the Animal and Plant Health Inspection Service ("APHIS").  Before the court is Defendants' Motion to Dismiss, or, in the Alternative, for Severance, ECF No. 6 [hereinafter Defs.' Mot.].  For the reasons stated below, the court grants in part and denies in part Defendants' Motion.

**II.     BACKGROUND**

Plaintiff seeks to compel the disclosure of information responsive to 42 FOIA requests it submitted to APHIS between January 18, 2022, and April 22, 2024.  Compl., ECF. No. 1 [hereinafter Compl.], ¶ 1.  The documents sought include inspection and enforcement records pertaining to "entities and individuals regulated under the Animal Welfare Act."  *Id.* ¶ 2. Plaintiff groups these 42 requests into four categories based on their status: (1) "Outstanding

Requests," consisting of 22 requests to which Defendants have provided no response; (2) "Partial Responses," encompassing 11 requests to which Defendants have partially but not completely responded; (3) "Outstanding Appeals," comprising six completed requests that Plaintiff has appealed but received no decision; and (4) "denials of Plaintiff's administrative appeals," involving three at least partially denied appeals. *See id.* ¶¶ 30–306. Plaintiff alleges Defendants are violating FOIA by failing to (1) conduct reasonable searches for all responsive records; (2) make all responsive records promptly available to Plaintiff; (3) issue determinations within 20 business days of Plaintiff's requests; (4) notify Plaintiff of its right to appeal; (5) disclose estimated dates of completion; and (6) rule on some appeals. *See id.* ¶¶ 313–894 (Counts 1–42). Plaintiff incorporates each of these shortcomings into a single policy or practice claim. *Id.* ¶ 896 (alleging that Defendants maintain a "policy or practice that constitutes an ongoing failure or refusal to abide by the FOIA's requirements in connection with the processing of Plaintiff's FOIA requests and appeals"); *see also* ¶¶ 895–900 (Count 43).

Defendants move to dismiss because "Plaintiff does not plausibly allege a FOIA policy or practice claim, and its pleadings violate Rule 8's short and plain statement requirement." Defs.' Mot., Mem. of P. & A. in Supp. of Defs.' Mot., ECF No. 6-1 [hereinafter Defs.' Mem.], at 3. In the alternative, Defendants ask the court to "sever all but one of Plaintiff's claims arising from the individual FOIA requests and require Plaintiff to refile those claims as separate lawsuits." *Id.*

## III. LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court must "accept the plaintiff's factual allegations as true," *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 345 (D.C. Cir. 2018) (internal quotation marks omitted), and "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). However, the court does not need to accept as true "legal conclusions cast as factual allegations." *Id.* If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant the defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

## IV.    DISCUSSION

Defendants' motion focuses primarily on Plaintiff's policy or practice claim set forth in Count 43. That count is predicated on the agency's responses to 42 separate FOIA requests made between January 18, 2022, and April 22, 2024, *id.* ¶ 1, as detailed in Counts 1 through 42, *id.* ¶¶ 313–894. Specifically, Plaintiff contends that Defendants "regularly and repeatedly fail[] to provide an estimated date of completion, fail[] to provide Plaintiff its appeal rights, refus[e] to respond to Plaintiff's appeals or release requested records or otherwise demonstrate that requested records are lawfully exempt from release within the time period required by FOIA or at least within a reasonable period of time." *Id.* ¶ 896. The court finds that Plaintiff has plausibly alleged a policy or practice claim only as to the last two alleged deficiencies—the failure to timely respond to Plaintiff's appeals and to make prompt determinations and disclosures of responsive records.

Accordingly, the court allows a narrowed Count 43 to proceed and declines to dismiss or sever Counts 1 through 42 because they form the basis of the policy or practice claim.

### A.    Providing an Estimated Date of Completion

The court takes each of the policy or practice claims in the order listed in Count 43, beginning with the "fail[ure] to provide an estimated date of completion." *Id.* The court agrees with Defendants that Plaintiff has not made out a claim as to this first category. Plaintiff's sole allegation is that, on June 14, 2024, it sent the agency 20 separate emails demanding estimated completion dates for 20 outstanding FOIA requests, but the agency never responded in the ensuing three weeks before Plaintiff filed suit. Pl.'s Mem. in Opp'n to Defs.' Mot., ECF No. 7 [hereinafter Pl's. Opp'n], at 11 (citing complaint allegations). But because these requests all occurred on the same day, they comprise a "single incident" that cannot establish a pattern or practice of failing to provide target dates. *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Hous. & Urb. Dev.*, 415 F. Supp. 3d 215, 224–225 (D.D.C. 2019); *see also Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) ("Plaintiff cannot state a 'policy or practice' claim based on a single incident"). To hold otherwise, would permit a plaintiff to strategically create a policy or practice claim merely by splitting into multiple parts what it could have done in a single discrete inquiry.

Furthermore, Plaintiff's complaint identifies numerous instances when Defendants did provide a "target" or "targeted" "response date." *See, e.g.*, Compl. ¶¶ 31, 38, 42, 47, 51, 165, 176, 183, 190, 197, 202, 230, 244, 250, 256, 259, 263, 266, 284, 289, 293, 295, 300, 303. These allegations directly undermine the notion that the agency persistently refuses to say by when it might complete productions. Plaintiff therefore fails to make out a policy or practice claim as to the alleged failure to provide estimated completion dates.

### B.  Noticing Appeal Rights

Plaintiff next asserts that Defendants failed to "provide Plaintiff its appeal rights." *Id.* ¶ 896. By that Plaintiff means Defendants refrained from giving notice of the right to appeal until after they completed producing documents. As Plaintiff sees it, "the partial responses" to their FOIA requests were "adverse determinations" and Defendants thus were "required under the FOIA and their own regulations to provide Plaintiff with appeal rights." Pl.'s Opp'n at 13.

But as Defendants rightly point out, *see* Defs' Mem. at 7–8, the statutory text Plaintiff points to does not require the agency to notice an appeal right within a certain time. It only restricts the time period within which an agency can insist a requester notice an appeal. FOIA requires an agency to notify a person making a request "in the case of an adverse determination [of] the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination." 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). FOIA thus prevents an agency from adopting a rule requiring requesters to file an appeal less than 90 days from the date of an adverse determination. It sets a floor, not a ceiling for an appeal period. The statute expressly grants the head of the agency discretion as to *when* to trigger an appeal, so long as it is not before the 90th day after an adverse determination.

Plaintiff's reliance on 5 U.S.C. § 522(a)(6)(A)(i) and 7 C.F.R. § 1.5(g) also does not help. *See* Pl.'s Opp'n at 13. The former provides that an agency must "determine" within 20 business days of receiving a FOIA request "whether to comply with such request" and "in the case of an adverse determination" notify the requester of the right to appeal and time within which to file an appeal. 5 U.S.C. § 552(a)(6)(A)(i). That latter states that "[a] component making an adverse determination denying a request in any respect will notify the requester of that determination in writing," which "will include" "a statement that the determination may be appealed, followed by

a description of the requirements to file an appeal." 7 C.F.R. § 1.5(g).  An "adverse determination" includes "[a] determination to withhold any requested record in whole or in part." *Id.* § 1.5(g)(1).

The key word in both provisions is "determination," which has a precise meaning under FOIA.  It refers to the agency's obligation, within 20 business days, to "inform the requester of the scope of the documents [it] will produce, as well as the scope of the documents [it] plans to withhold under any FOIA exemptions" *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).  A "determination" is different than a production of records.  *See id.* at 188 ("Under the statutory scheme, a distinction exists between a 'determination' and subsequent production.").  Indeed, it is settled that "a 'determination' does not require actual *production* of the records to the requester at the exact same time that the 'determination' is communicated to the requester." *Id.* at 189.  So, when Plaintiff complains that the agency failed to provide notice of an appeal right "triggered" by the "partial responses," the claim is not well taken.  FOIA imposes no such duty.  And, with no such duty, Plaintiff has not alleged a policy or practice of failing "to abide by the terms of the FOIA." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) (emphasis added).

## C.    Responding to Plaintiff's Appeals

Plaintiff next contends that Defendants have engaged in regular and repeated failures to "respond to Plaintiff's appeals."  Compl.  ¶ 896.  Defendants counter that "the most that one plausibly can infer from this allegation is that there is some delay in Defendants' responses to appeals." Defs.' Mem. at 8.

A policy or practice claim must allege sufficient facts to allow "'the reasonable inference' that [Defendants have] adopted"—formally or informally—"a practice of delay," *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 780–81 (D.C. Cir. 2018) (citations omitted), and

6

not "merely isolated mistakes by agency officials," *Payne Enters.*, 837 F.2d at 491.  Of Plaintiff's 42 FOIA requests, in up to nine instances, Plaintiff filed an appeal after the agency produced some records and withheld some information.  *Id.* ¶¶ 229–306.  In three instances, the agency either denied the appeal or granted it in part and denied in part.  *Id.* ¶¶ 280–306.  For the remaining six, the agency has not responded for anywhere between 91 to 287 business days, as measured from the date the agency acknowledged receipt of the appeal and the filing of the complaint.  *Id.* ¶¶ 229–79.  The statute requires the agency to "make a determination with respect to any appeal within twenty days," excluding weekends and public holidays.  5 U.S.C. § 552 (a)(6)(A)(ii).  While "isolated mistakes by agency officials" are not enough to make out a policy or practice claim, *see Payne Enters.,* 837 F.2d at 491, Plaintiff's allegation that the agency has not responded at all within 20 business days in 66% of its appeals plausibly establishes that Defendants have "adopted, endorsed, or implemented" a policy of failing to respond to its appeals.  *Jud. Watch*, 895 F.3d at 777 (internal quotation marks omitted).

### D.    Failure to Make Timely Determinations

Lastly, the court agrees that Plaintiff has made out a policy or practice claim as to the agencies' failures to "release requested records or otherwise demonstrate that requested records are lawfully exempt from release within the time period required by FOIA or at least within a reasonable time."  Compl. ¶ 896.

It is well settled in this circuit "that informal agency conduct resulting in long delays in making requested non-exempt records available may serve as the basis for a policy or practice claim."  *Jud. Watch*, 895 F.3d at 777–78.  A plaintiff "must allege a pattern of prolonged delay amounting to a persistent failure to adhere to FOIA's requirements and that the pattern of delay

7

will interfere with its right under FOIA to promptly obtain non-exempt records from the agency in the future." *Id.* at 780.

In *Judicial Watch*, the D.C. Circuit addressed a policy or practice claim like the one alleged here and found it to be successfully pleaded. There, the plaintiff generally alleged that the agency has a "policy or practice of violating FOIA's procedural requirements by regularly failing or refusing to produce requested records or otherwise demonstrate that they are exempt from production within the time period required by FOIA or at least within a reasonable period of time." *Jud. Watch*, 895 F.3d at 776 (cleaned up). As support, it showed that for over a dozen requests the agency "made no determinations, timely or otherwise, whether it would make any of the records available." *Id.* at 776, 779. And for those same requests it produced no documents. *Id.* at 776. Plaintiff here has made similar allegations. It avers that APHIS has not issued a timely determination as to *any* of its 42 requests. *See* Compl. ¶¶ 30–306. They also allege that "Defendants have failed to release records, in some cases for years, in response to 33 FOIA requests submitted by the ASPCA since 2022." Pls.' Opp'n at 6; *see also* Compl. ¶¶ 30–228. Considering all 42 requests, responses have involved delays of over 25 business days and sometimes up to 335 business days. *See* Compl. ¶¶ 160–306. So, like the plaintiff in *Judicial Watch*, Plaintiff has alleged "repeated, unexplained, and 'prolonged delay in making information available.'" *Id.* at 779 (quoting *Payne Enters.*, 837 F.2d at 491).

Defendants attempt to distinguish *Judicial Watch* on its facts. They point out, for instance, that all the FOIA requests at issue there involved the "same subject matter," whereas here Plaintiff sought "records on a multitude of diverse subjects." Defs.' Reply in Support of Defs.' Mot., ECF No. 8, at 8–9 (quoting *Judicial Watch*, 895 F.3d at 782). That is true. But as in *Judicial Watch*, Plaintiff here has alleged that in response to *none* of its 42 FOIA requests did the

agency deliver a timely determination.  And for 33 of those requests, the agency either has produced no records or inexplicably delayed a complete production.  That is enough to make out a policy or practice claim under *Judicial Watch*.

## V.    CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Motion to Dismiss, or, in the Alternative, for Severance, ECF No. 6, is granted in part and denied in part.  The parties are directed to meet and confer and, by April 21, 2026, submit a Joint Status Report that proposes a schedule for further proceedings, including the status of Plaintiff's 42 requests and briefing on its policy or practice claim.

Dated:  March 31, 2026

Amit P. Mehta
United States District Judge

9